UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NEWREZ LLC, d/b/a                        )
SHELLPOINT MORTGAGE                      )
SERVICING,                               )
                                         )
      Plaintiff,                       )
                                         )
    v.                              )          No. 1:25-cv-00123-SDN
                                         )
SHAYNA M. GLICK,                         )
                                         )
      Defendant.                       )

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**Address: 14 Power Line Road, Bucksport, Maine 04416**
**Mortgage: June 21, 2019**
**Book 6959, Page 712 of Hancock County Registry of Deeds**

Plaintiff NewRez LLC, doing business as Shellpoint Mortgage Servicing ("NewRez"), seeks to foreclose on real property owned by Defendant Shayna M. Glick located at 14 Power Line Road, Bucksport, Maine 04416. Before me is NewRez's motion for default judgment. ECF No. 20. Upon consideration of the evidence, I **GRANT** NewRez's motion for default judgment. Pursuant to NewRez's request, Count II (Breach of Note), Count III (Breach of Contract, Money Had and Received), and Count IV (Unjust Enrichment) are **DISMISSED** without prejudice.

### FACTUAL FINDINGS AND LEGAL CONCLUSIONS

On May 5, 2026, I held a testimonial hearing on NewRez's motion for default judgment. ECF No. 28. NewRez was present and represented by Reneau Longoria, Esq. The Defendant did not appear. Based on the evidence introduced at the hearing, I make the following findings and conclusions:

- The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

- Defendant acquired the property located at 14 Power Line Road, Bucksport, Maine 04416 ("the Property") on June 21, 2019. ECF No. 1 ¶ 9.

- On June 21, 2016, Defendant executed a promissory note ("Note") promising to pay $159,556.00 plus interest to LeaderOne Financial Corporation ("LeaderOne") on a thirty-year repayment schedule at a 4.375% interest rate. ECF No. 1 ¶ 10; Pl.'s Hr'g Ex. 1.

- On June 21, 2019, Defendant executed a mortgage ("Mortgage") of the Property to LeaderOne, which secures the Note. ECF No. 1 ¶ 11; Pl.'s Hr'g Ex. 2.

- On January 3, 2023, LeaderOne assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). ECF No. 1 ¶ 12; Pl.'s Hr'g Ex. 3.

- On March 13, 2023, MERS assigned the Mortgage to Plaintiff NewRez. ECF No. 1 ¶ 13; Pl.'s Hr'g Ex. 4.

- The Defendant has breached the terms of and defaulted on the Modified Note. *See* Compl. ¶¶ 16, 26. On November 15, 2024, NewRez sent Defendant a notice of default and right to cure in accordance with 14 M.R.S. § 6111. Compl. ¶ 14; Pl.'s Hr'g Ex. 5.

- On May 1, 2025, NewRez filed a motion to stay and refer the case to the Maine Foreclosure Diversion Program. ECF No. 6. On May 2, 2025, the Court issued an order referring the case to the Diversion Program. ECF No. 7.

- Defendant did not appear to the Diversion Program. *See* ECF No. 16 ¶ 4. On November 17, 2025, NewRez filed a motion to remove the stay. *Id.* On November 18, 2025, I removed the stay. ECF No. 17.

2

- On January 7, 2026, NewRez filed a motion for entry of default as to Defendant. ECF No. 18. On January 7, 2026, I entered default as to Defendant. ECF No. 19.

- On February 3, 2026, NewRez filed a motion for default judgment as to Defendant. ECF No. 20.

- The Complaint identifies the Property by street address and the book and page number of the Mortgage, *see* ECF No. 1 at 1, and a copy of the Complaint was timely recorded in the Penobscot County Registry of Deeds, *see* Pl.'s Hr'g Ex. 6.

- Defendant received notice of this action. *See* Service Returned Executed (ECF No. 5). Defendant has now defaulted. ECF No. 19.

- Defendant is not serving in the military. ECF No. 1 ¶ 31; Pl.'s Hr'g Ex. 9.

- There are no public utility easements held by a party-in-interest that survive the proceedings. ECF No. 1 ¶ 28.

- As of May 5, 2026, the following amounts, exclusive of fees and costs for preparation for and attendance at trial, are owed to Plaintiff under the terms of the Modified Note and Mortgage:

| | |
|---|---:|
| Principal Balance | $144,634.78 |
| Accrued Interest | $10,615.55 |
| Escrow Balance at Loan Transfer | $272.94 |
| Insurance | $6,545.58 |
| PMI Insurance | $195.40 |
| Taxes | $10,103.98 |
| Corporate Advances | $13,354.74 |
| Subtotal | $185,722.97 |
| Credits | ($9,593.11) |
| Total | $176,129.86 |

*See* Pl.'s Hr'g Ex. 8.

Additional pre-judgment interest is accruing, *see* 14 M.R.S. § 1602-B, and post-judgment interest will accrue at a rate of 9.5% per annum in accordance with the Note

and 14 M.R.S. § 1602-C. Plaintiff has foregone any right to a higher interest rate that may be allowable under 14 M.R.S. § 1602-C. Additional attorney's fees, real estate taxes, costs, and amounts advanced or incurred after May 5, 2026, to protect the security of the Mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings. NewRez has first priority, in the amount of $176,129.86, pursuant to the subject Modified Note and Mortgage, and there are no parties-in-interest other than the Defendant who have second priority.

## CONCLUSION

For the reasons stated above, NewRez's motion for default judgment is **GRANTED**. ECF No. 20. Count II (Breach of Note), Count III (Breach of Contract, Money Had and Received), and Count IV (Unjust Enrichment) are **DISMISSED** without prejudice. The Judgment of Foreclosure and Sale will issue separately.

**SO ORDERED.**

Dated this 18th day of May, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

4